# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NATIONAL CONTINENTAL
INSURANCE COMPANY,

      Plaintiff,

-vs-

NURBEK AIAZBEKOV, ZEF LJAJCAJ,
and ROAD CARRIERS, INC.,

      Defendants.

Case No.:

HON.

Joseph R. Enslen (P46237)
STRAUB, SEAMAN & ALLEN, P.C.
Attorneys for Plaintiff
2810 East Beltline Lane NE
Grand Rapids MI 49525
(616) 530-6555

## COMPLAINT FOR DECLARATORY JUDGMENT

There is a state civil action pending in Berrien County Circuit Court, Case No. 2017-0143-NI arising out of the same transaction and occurrence.

**NOW COMES** Plaintiff, National Continental Insurance Company, through its attorneys, STRAUB, SEAMAN & ALLEN, P.C., and for its Complaint for Declaratory Judgment against Defendants, Nurbek Aiazbekov, Zef Ljajcaj and Road Carriers, Inc. states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this matter is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

2. National Continental Insurance Company is a corporation organized under the laws of the State of New York, with its principal place of business in Cleveland, Ohio.

3. Defendant Nurbek Aiazbekov is, or at all times relevant to this action, was a resident of Philadelphia, Pennsylvania.

4. Defendant Zef Ljajcaj is a resident of the County of Macomb, State of Michigan. Defendant Ljajcaj is named as a party interested by virtue of his status as the Plaintiff in the lawsuit filed in the Berrien County Circuit Court, State of Michigan, Case No. 2017-0143-NI ("Underlying Lawsuit"). A copy of the Complaint in the Underlying Lawsuit is attached hereto as *Exhibit A*.

5. Defendant Road Carriers, Inc., is a corporation organized under the laws of the State of Illinois. Defendant Road Carriers, Inc. is named as a potentially interested party by virtue as its status as a Defendant in the Underlying Lawsuit, and named insured under the Policy issued by National Continental Insurance Company.

6.  Plaintiff brings this action to obtain a declaratory judgment finding that Plaintiff has no duty to defend or indemnify Nurbek Aiazbekov in connection with the Underlying Lawsuit.

7.  Diversity jurisdiction exists because there is complete diversity of citizenship between the parties and the amount in controversy, including the potential costs of both defending and indemnifying Nurbek Aiazbekov in the Underlying Lawsuit exceeds $75,000.

8.  Venue is appropriate under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this District, and the parties are subject to this Court's personal jurisdiction based upon their substantial contacts within the District, including as relates to the underlying accident which occurred in Berrien County, Michigan.

## UNDERLYING LAWSUIT

9.  The complaint in the Underlying Lawsuit was filed on July 6, 2017. *See Exhibit A*.

10. The complaint alleges, in pertinent part, that Defendant Nurbek Aiazbekov was negligent in his operation of a 2012 Freightliner tractor, and that such negligence proximately caused damages to Defendant Zef Ljajcaj. *See Exhibit A*.

11. The Complaint attached as Exhibit A seeks monetary damages from Defendant Nurbek Aiazbekov which potentially implicate the coverage issued by Plaintiff which is the subject of this action.

12. Defendant Zef Ljajcai has settled his claims against Defendant Road Carriers, Inc., and specifically reserved his right as part of that settlement to continue

with his claims against Defendant Nurbek Aiazbekov, including entering default and default judgment.

### NATIONAL CONTINENTAL INSURANCE COMPANY POLICY

13.   Plaintiff National Continental Insurance Company issued policy number 000-7376-135-6 by renewal on August 14, 2016.  A copy of the declarations and policy are attached as *Exhibit B*.

14.   The Policy issued by Plaintiff to Road Carriers, Inc. in the Business Auto Coverage Form (CA 00 01 03 10) provides the duties in the event of an accident, claim, suit or loss to include the duty to cooperate in the investigation and defense of any lawsuit.  The Policy specifically contains the following obligation of any person seeking coverage under the Policy:

> **2.  Duties in The Event Of Accident, Claim, Suit Or Loss**
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
>
> a.   In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss".  Include:
>
> (1)  How, when and where the "accident" or "loss" occurred;
>
> (2)  The "insured's" name and address; and
>
> (3)  To the extent possible, the names and addresses of any injured persons and witnesses.
>
> b.   Additionally, you and any other involved "insured" must:
>
> (1)  Assume no obligation, make no payment or incur no expense without our consent except at the "insured's" own cost.

  (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

  (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

  (4) Authorize us to obtain medical records or other pertinent information.

  (5) Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

*See Exhibit B, p. 8 of 12 of the Business Auto Coverage Form.* And further:

### 3. Legal Action Against Us

No one may bring a legal action against us under this coverage form until:

a. There has been full compliance with all the terms of this coverage form; and

b. Under Liability Coverage, we agree in writing that the "insured" has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the "insured's" liability.

*See Exhibit B, p.8 of 12 of Business Auto Coverage Form.* And further:

### C. Limit Of Insurance

Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

All "bodily injury", "property damage" and "covered pollution cost or expense" resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one "accident".

> No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage form and any Medical Payments Coverage endorsement, Uninsured Motorists Coverage endorsement or Underinsured Motorist Coverage endorsement attached to this Coverage Part.

*See Exhibit B*, *p. 5 of 12 of Business Auto Coverage Form.*

## DECLARATORY JUDGMENT

15. Plaintiff National Continental Insurance Company, hereby incorporates and realleges the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

16. A genuine and bona fide dispute, and an actual controversy and disagreement exists between Plaintiff National Continental Insurance Company and Defendant Nurbek Aiazbekov as to whether Plaintiff has the duty to defend or indemnify Defendant Aiazbekov against the claims asserted in the Underlying Lawsuit.

17. Defendant Aiazbekov substantially and materially failed to satisfy contractual obligations to cooperate with the investigation and defense of the Underlying Lawsuit against him despite Plaintiff National Continental Insurance Company having retained legal counsel to defend Defendant Aiazbekov in the Underlying Lawsuit. Defendant Aiazbekov's complete failure to cooperate resulted in (1) the inability to determine his status as an insured under the Policy, (2) retained counsel's Motion to Withdraw as Counsel, and (3) the court in the Underlying Lawsuit entering an order granting the motion on June 11, 2018. The Motion to Withdraw as Counsel and exhibits are attached as *Exhibit C*, and the order granting the Motion to Withdraw as Counsel is attached as *Exhibit D*.

1014 MAIN ST., ST. JOSEPH, MI 49085   269.982.1600
2810 EAST BELTLINE LANE NE, GRAND RAPIDS, MI 49525   616.530.6555

6

18.     Plaintiff National Continental Insurance Company has been substantially prejudiced by the actions and inactions of Defendant Aiazbekov in the effort to investigate coverage and defend claims against its named insured and those potentially claiming coverage as an insured under the Policy.

19.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff National Continental Insurance Company requests that this Court:

(a)     Declare that National Continental Insurance Company has no duty to defend or indemnify Defendant Nurbek Aiazbekov in connection with the claims asserted in the Underlying Lawsuit, and

(b)     Grant any other relief this Honorable Court deems just and equitable under the circumstances, including an award of costs.

Dated:  June 29, 2018                                STRAUB, SEAMAN & ALLEN, P.C.

*/s/ Joseph R. Enslen*
Joseph R. Enslen (P46237)
Attorney for Plaintiff
2810 East Beltline Lane NE
Grand Rapids MI 49525
(616) 530-6555